**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

EMIGRANT BUSINESS CREDIT CORPORATION,

        Plaintiff,

v.

JOHN ARTHUR HANRATTY, EBURY STREET CAPITAL, LLC, EBURY FUND 1, LP, EBURY FUND 2, LP, EBURY 1EMI, LLC, EBURY 2EMI LLC, EB 1EMIALA, LLC, EB 2EMIALA LLC, EB 1EMIFL, LLC, EB 2EMIFL, LLC, EB 1EMIIN, LLC, EB 2EMIIN, LLC, EB 1EMIMD, LLC, EB 2EMIMD, LLC, EB 1EMINJ, LLC, EB 2EMINJ, LLC, EB 1EMINY, LLC, EB 2EMINY, LLC, EB 1EMISC, LLC, EB 2EMISC, LLC, RE 1EMI LLC, RE 2EMI, LLC, EB 1EMIDC, LLC, ARQUE TAX RECEIVABLE FUND (MARYLAND), LLC, EBURY FUND 1FL, LLC, EBURY FUND 2FL, LLC, EBURY FUND 1NJ, LLC, EBURY FUND 2NJ, LLC, RED CLOVER 1, LLC, EBURY RE LLC, and XYZ, CORPS. 1-10,

        Defendants.

Case No. _____
(removed from the Supreme Court of the State of New York, New York County, Index No. 158207/2022)

---------------------------------------------------------- x

## NOTICE OF REMOVAL

**COME NOW**, Ebury Street Capital, LLC; EB 1EMI ALA, LLC; EB 2EMI ALA, LLC; Ebury Fund 1NJ, LLC; Ebury Fund 1, LP; Ebury Fund 2, LP; Red Clover 1, LLC; Ebury RE, LLC; Ebury 1EMI, LLC; Ebury 2EMI, LLC; EB 2EMI MD, LLC; EB 1EMI NJ, LLC; EB 1EMI NY, LLC; and EB 2EMI NY, LLC (collectively, the "Debtor Defendants") and John Arthur Hanratty ("Hanratty"), as defendants in the above-captioned case, and, pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, notice the removal of this action to the United States District Court for the Southern District of New York. Defendants EB 1EMI FL,

LLC; EB 2EMI FL, LLC; EB 1EMI IN, LLC; EB 2EMI IN, LLC; EB 1EMI MD, LLC; EB 2EMI NJ, LLC; EB 1EMI SC, LLC; EB 2EMI SC, LLC; RE 1EMI, LLC; RE 2EMI, LLC; EB 1EMI DC, LLC; Arque Tax Receivable Fund (Maryland), LLC; Ebury Fund 1FL, LLC; Ebury Fund 2FL, LLC; and Ebury Fund 2NJ, LLC (collectively, "Non-Debtor Defendants") also join in this Notice of Removal (all defendants collectively, "Defendants"). As grounds for removal, Defendants state:

1. On September 25, 2022, Plaintiff Emigrant Business Credit Corporation ("Plaintiff") commenced a civil action against, and served summons on, Defendants John Arthur Hanratty; Ebury Street Capital, LLC; Ebury Fund 1, LP; Ebury Fund 2, LP; Ebury 1EMI, LLC; Ebury 2EMI, LLC; EB 1EMI ALA, LLC; EB 2EMI ALA, LLC; EB 1EMI FL, LLC; EB 2EMI FL, LLC; EB 1EMI IN, LLC; EB 2EMI IN, LLC; EB 1EMI MD, LLC; EB 2EMI MD, LLC; EB 1EMI NJ, LLC; EB 2EMI NJ, LLC; EB 1EMI NY, LLC; EB 2EMI NY, LLC; EB 1EMI SC, LLC; EB 2EMI SC, LLC; RE 1EMI, LLC; RE 2EMI, LLC; EB 1EMI DC, LLC; Arque Tax Receivable Fund (Maryland), LLC; Ebury Fund 1FL, LLC; Ebury Fund 2FL, LLC; Ebury Fund 1NJ, LLC; Ebury Fund 2NJ, LLC; Red Clover 1, LLC; and Ebury RE, LLC (all collectively, "Defendants"). Defendants subsequently asserted counterclaims against Plaintiff.

2. Such case is now pending as Index No. 158207/2022 (the "Lawsuit") in the Supreme Court of the State of New York, County of New York, Commercial Division. A copy of all process and pleadings filed in the Lawsuit is attached hereto as collective Exhibit "A."[1]

3. On May 13, 2024, the Debtor Defendants filed petitions for relief under Chapter 11 of Title 11 of the U.S. Code in the United States Bankruptcy Court for the Middle District of Alabama. The Debtor Defendants' Chapter 11 cases are being jointly administered in Case No.

---

[1] For those pleadings filed under seal in the Lawsuit in state court, Exhibit A includes placeholders containing descriptions of the documents.

24-10499.[2] Defendant Hanratty is the Managing Member of Defendant and Chapter 11 petitioner Ebury Street Capital, LLC.

    4.       This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), which states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

    5.       This action is properly removable under 28 U.S.C. § 1452(a) because the United States District Court for the Southern District of New York has original jurisdiction of this case under 28 U.S.C. § 1334(b), which provides:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

    6.       This action does not fall within the parameters of 28 U.S.C. § 1334(e)(2), which addresses "all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327." Section 327 of Title 11 involves a bankruptcy trustee's employment of various professionals, such as attorneys and accountants, to assist the trustee in his or her duties.

    7.       Moreover, the United States District Court may refer this action to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a), which provides:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

---

[2] The bankruptcy cases numbers for the Debtor Defendants are: Ebury Street Capital, LLC (24-10499); EB 1EMI ALA, LLC (24-10498); EB 2EMI ALA, LLC (24-10500); Ebury Fund 1NJ, LLC (24-10512); Ebury Fund 1, LP (24-10501); Ebury Fund 2, LP (24-10502); Red Clover 1, LLC (24-10503); Ebury RE LLC (24-10505); Ebury 1EMI, LLC (24-10506); Ebury 2EMI, LLC (24-10507); EB 2EMI MD, LLC (24-10508); EB 1EMI NJ, LLC (24-10509); EB 1EMI NY, LLC (24-10510); and EB 2EMI NY, LLC (24-10511).

8. By general order of reference, the United States District Court for the Southern District of New York has ordered that all cases and proceedings described in 28 U.S.C. § 157(a) shall be referred to the United States Bankruptcy Court for the Southern District of New York. *See* General Standing Order M-61. *See also* General Standing Order M-431.

9. Because the claims at issue in the Lawsuit concern the Debtor Defendants' estates, the Lawsuit is related to a case under Title 11 that (*see* 28 U.S.C. § 157(a)), and it constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Plaintiff brought this action against Defendants regarding Defendants' alleged misappropriation of collateral used to secure a loan from Plaintiff. Defendants subsequently filed counterclaims against Plaintiff based on Plaintiff's breach of contract, breach of the implied covenant of good faith and fair dealing, and other wrongdoings arising from Plaintiff's violation of settlement terms between the parties regarding the loan. Plaintiff's claims and Defendants' counterclaims seek money damages. Both Plaintiff's claims and Defendants' counterclaims necessarily affect the property of the bankruptcy estate, claims by and against the bankruptcy estate, and liquidation of the assets of the bankruptcy estate.

10. Upon removal of the Lawsuit, Defendants consent to entry of final orders or judgments by the bankruptcy court.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, Defendants pray this honorable Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of the State of New York, New York County, Commercial Division, and will thereafter refer this action to the United States Bankruptcy Court for the Southern District of New York.

Respectfully submitted,

GUSRAE KAPLAN NUSBAUM PLLC

/s/ Kari Parks
Kari Parks
120 Wall Street, 25th Floor
New York, New York 10005
(212) 269-1400
kparks@gusraekaplan.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on August 12, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served upon the following by electronic mail:

 Alexander J. Willscher
 Austin P. Mayron
 SULLIVAN & CROMWELL LLP
 125 Broad Street
 New York, New York 10004
 Telephone: (212) 558-4000
 Fax: (212) 558-3588
 Email: willschera@sullcrom.com