UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| EMIGRANT BUSINESS CREDIT CORPORATION, | |
| Plaintiff, | |
| v. | |
| JOHN ARTHUR HANRATTY, EBURY STREET CAPITAL, LLC, EBURY FUND 1, LP, EBURY FUND 2, LP, EBURY 1EMI, LLC, EBURY 2EMI LLC, EB 1EMIALA, LLC, EB 2EMIALA LLC, EB 1EMIFL, LLC, EB 2EMIFL, LLC, EB 1EMIIN, LLC, EB 2EMIIN, LLC, EB 1EMIMD, LLC, EB 2EMIMD, LLC, EB 1EMINJ, LLC, EB 2EMINJ, LLC, EB 1EMINY, LLC, EB 2EMINY, LLC, EB 1EMISC, LLC, EB 2EMISC, LLC, RE 1EMI LLC, RE 2EMI, LLC, EB 1EMIDC, LLC, ARQUE TAX RECEIVABLE FUND (MARYLAND), LLC, EBURY FUND 1FL, LLC, EBURY FUND 2FL, LLC, EBURY FUND 1NJ, LLC, EBURY FUND 2NJ, LLC, RED CLOVER 1, LLC, EBURY RE LLC, and XYZ, CORPS. 1-10, | Case No. 1:24-cv-06111 (removed from the Supreme Court of the State of New York, New York County, Index No. 158207/2022) |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE

**COME NOW**, Ebury Street Capital, LLC; EB 1EMI ALA, LLC; EB 2EMI ALA, LLC; Ebury Fund 1NJ, LLC; Ebury Fund 1, LP; Ebury Fund 2, LP; Red Clover 1, LLC; Ebury RE, LLC; Ebury 1EMI, LLC; Ebury 2EMI, LLC; EB 2EMI MD, LLC; EB 1EMI NJ, LLC; EB 1EMI NY, LLC; and EB 2EMI NY, LLC (collectively, the "Debtor Defendants"); John Arthur Hanratty ("Hanratty"); EB 2EMI FL, LLC; EB 2EMI FL, LLC; EB 1EMI IN, LLC; EB 2EMI IN, LLC; EB 1EMI MD, LLC; EB 2EMI NJ, LLC; EB 1EMI MISC, LLC; EB 2EMI MISC, LLC; RE 1EMI, LLC; RE 2EMI, LLC; EB 1EMI DC, LLC; Arque Tax Receivable Fund (Maryland), LLC; Ebury

Fund 1FL, LLC; Ebury Fund 2FL, LLC; and Ebury Fund 2NJ, LLC (collectively, "Non-Debtor Defendants") (all collectively, "Movants"), and respectfully move this Court to transfer this case to the Northern Division of the United States Bankruptcy Court for the Middle District of Alabama. In support of their Motion, Movants state:

## JURISDICTION AND NOTICE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding under 28 U.S.C. § 157(b). *See* discussion *infra*.

2. Under 28 U.S.C. § 1409(a), "a proceeding . . . arising in or related to a case under title 11 may be commenced in the district court in which such case in pending." The Debtor Defendants' bankruptcy proceeding is currently pending in the United States Bankruptcy Court for the Middle District of Alabama as Case No. 24-10499.

3. The statutory predicate for the relief requested herein is Rule 1014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4. The Debtor and Non-Debtor Defendants are a series of related and affiliated companies that operate primarily in the real estate business.

5. Ebury Street Capital, LLC is a holding company and ultimate parent of the other entities.

6. John Hanratty is the Managing Member of Ebury Street Capital, LLC.

7. On May 13, 2024, the Debtor Defendants filed petitions for relief under Chapter 11 of Title 11 of the U.S. Code in the United States Bankruptcy Court for the Middle District of Alabama. These Chapter 11 cases are now being jointly administered as Case No. 24-10499 (the

"Bankruptcy Case").[1]

8. The Debtor Defendants continue to manage and operate their assets as debtors-in-possession under Bankruptcy Code §§ 1107 and 1108.

9. The Debtor Defendants have filed the Bankruptcy Case in order to reorganize and streamline operations, prepare for a sale of assets, resolve multiple litigation matters, and resolve the validity of pending claims.

10. Immediately preceding the filing of this Motion, Movants filed a Notice of Removal of the underlying case, previously pending in the Supreme Court of the State of New York, New York County, Commercial Division (the "State Court Case").

11. As detailed in the Notice of Removal, the claims at issue in the State Court Case concern the Debtor Defendants' estates. Thus, the claims at issue in this removed action are related to a case under Title 11 that (*see* 28 U.S.C. § 157(a)), and constitute a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

## SUMMARY OF THE RELIEF REQUESTED

12. Movants request that this Court transfer this removed action to the United States Bankruptcy Court for the Middle District of Alabama, Northern Division, located in Montgomery, Alabama, where the Bankruptcy Case is pending.

## THE DEBTOR DEFENDANTS' OPERATIONS

13. Pursuant to Bankruptcy Rule 1014, a case removed to a proper district may be transferred to any other district upon the motion of a party in interest if the Court determines

---

[1] The bankruptcy cases numbers for the individual Debtor Defendants are: Ebury Street Capital, LLC (24-10499); EB 1EMI ALA, LLC (24-10498); EB 2EMI ALA, LLC (24-10500); Ebury Fund 1 NJ, LLC (24-10512); Ebury Fund 1, LP (24-10501); Ebury Fund 2, LP (24-10502); Red Clover 1, LLC (24-10503); Ebury Re LLC (24-10505); Ebury 1EMI, LLC (24-10506); Ebury 2EMI, LLC (24-10507); EB 2EMI MD, LLC (24-10508); EB 1EMI NJ, LLC (24-10509); EB 1 EMI NY, LLC (24-10510); and EB2EMI NY, LLC (24-10511).

transfer is in the interest of justice or for the convenience of the parties. In this instance, the Movants merely request that this Court transfer this action to the district in which the "Home" Bankruptcy Case is already pending.

14. The Debtor Defendants have a wide range of assets and creditors across multiple states and Puerto Rico. Because the claims and counterclaims in the State Court Case involve the assets of the estate, they are directly related to the issues that are already being litigated in the Bankruptcy Case. Consolidating all cases related to the Bankruptcy Case in one district will significantly simplify the proceedings, both for the parties and for the courts involved. *See Beal Bank, S.S.B. v. U.S. Bank Nat. Ass'n*, No. 10CIV.1401, 2010 WL 2541165, at *4 (S.D.N.Y. June 8, 2010) (finding "propriety of transfer of this case to the New Jersey Bankruptcy Court in the interests of justice [was] patent" when "[t]he same and closely related claims [were] asserted" in the bankruptcy case, and the bankruptcy court was "intimately familiar with the relevant financing arrangements, contracts and their implications if any for administration of the case and the debtors' estate"). *See also In re Ford*, No. 22-10083, 2022 WL 4239563, at *5 (Bankr. N.D. Fla. Sept. 13, 2022) (affirming transfer to bankruptcy court of district in which debtor had multiple other cases pending).

15. Transferring this case to the Bankruptcy Court for the Middle District of Alabama will also minimize administrative expenses and promote judicial economy, as multiple courts across the country will not be required to make determinations regarding the same facts and issues already pending in the Bankruptcy Case, or to make potentially inconsistent rulings regarding the bankruptcy estates at issue.

16. Transferring this action to the Middle District of Alabama, where many of the parties already plan to be present for the Bankruptcy Case, will enable the case to proceed more

quickly and will save the parties' time and resources, as well as the time and resources of this Court.

17.     As a matter of course, bankruptcy courts routinely transfer matters such as this to the "home" bankruptcy court for further proceedings and determinations, including determinations about remand, dismissal, or abstention. *See, e.g.*, *In re Convent Guardian Corp.*, 75 B.R. 346, 347 (Bankr. E.D. Pa.), *adopted,* 75 B.R. 348 (Bankr. E.D. Pa. 1987) (acknowledging this to be the general rule by "[a]ll of the known authorities); *see also, e.g., In re Standard Tank Cleaning Corp.*, 133 B.R. 562, 569 (Bankr. E.D.N.Y. 1991) (transferring case to venue in which related cases were already pending and noting "this Court . . . leaves the question of abstention to the New Jersey bankruptcy court to which this case would be assigned").

**WHEREFORE, ABOVE PREMISES CONSIDERED**, Movants respectfully request this Court to enter an Order in substantially the form attached hereto as Exhibit A, transferring venue of this case from the United States District Court for the Southern District of New York to the United States Bankruptcy Court for the Middle District of Alabama, Northern Division, and the Movants further request such other relief as may be just.

    Respectfully submitted,

    GUSRAE KAPLAN NUSBAUM PLLC

    /s/ Kari Parks
    Kari Parks
    120 Wall Street, 25th Floor
    New York, New York 10005
    (212) 269-1400
    kparks@gusraekaplan.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 12, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served upon the following by electronic mail:

    Alexander J. Willscher
    Austin P. Mayron
    SULLIVAN & CROMWELL LLP
    125 Broad Street
    New York, New York 10004
    Telephone: (212) 558-4000
    Fax: (212) 558-3588
    Email: willschera@sullcrom.com