UNITED STATES BANKRUPTCY COURT        **FOR PUBLICATION**
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                   Chapter 11

EBURY STREET CAPITAL, LLC, et al.,        Case No. 24-10499

                                             (Middle District of Alabama)

                       Debtors.
-----------------------------------------------------------------X
EMIGRANT BUSINESS CREDIT CORPORATION,

                         Plaintiff,        Adv. Proc. No. 24-04020 (DSJ)

- against –

JOHN ARTHUR HANRATTY, EBURY STREET
CAPITAL, LLC, EBURY FUND 1, LP, EBURY
FUND 2, LP, EBURY 1EMI LLC, EBURY 2 EMI
LLC, EB 1EMIALA LLC, EB 2EMIALA LLC,
EB1EMIFL, LLC, EB 2 EMIFL, LLC, EB1 EMIIN,
LLC, EB 2EMIIN, LLC, EB1 EMIMD, LLC,
EB 2EMIMD, LLC, EB 1EMINJ, LLC,
EB2EMINJ, LLC, EB 1EMINY, LLC,
EB2EMINY, LLC, EB 1EMISC, LLC,
EB2 EMISC, LLC, RE 1 EMI LLC, RE 2EMI LLC,
EB 1EMIDC, LLC, ARQUE TAX RECEIVABLE
FUND (MARYLAND), LLC, EBURY FUND 1 FL,
LLC, EBURY FUND 2FL, LLC, EBURY FUND
1NJ, LLC, EBURY FUND 2NJ, LLC, RED
CLOVER 1, LLC, EBURY RE LLC, and XYZ
CORPS. 1-10,

                       Defendants.
-----------------------------------------------------------------X

### **DECISION AND ORDER GRANTING MOTION**
### **FOR REMAND AND ABSTENTION**

**APPEARANCES:**

**SULLIVAN & CROMWELL LLP**
*Counsel for Emigrant Business Credit Corporation*
125 Broad Street
New York, New York 10004
By:    Austin Philip Mayron, Esq.
       Alexander Willscher, Esq.

**GUSRAE KAPLAN NUSBAUM PLLC**
*Counsel for John Arthur Hanratty*
120 Wall Street, 25th Floor
New York, New York 10005
By:    Kari Parks, Esq.

**RUMBERGER, KIRK & CALDWELL, P.C.**
*Counsel for Ebury Street Capital, LLC*
2001 Park Place, Suite 1300
Birmingham, AL 35203
By:    Richard Scott Williams

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

       Before the Court is a motion (the "Motion"), ECF No. 7,[1] by Plaintiff Emigrant Business

Credit Corporation (the "Plaintiff" or "EBCC") for abstention and remand of this adversary

proceeding to the Commercial Division of the Supreme Court of the State of New York, New York

County (the "State Court"). The parties' dispute (the "State Court Action" or "Action") was

pending in the State Court for more than two years before some but not all defendants commenced

the above-captioned bankruptcy case in the United States Bankruptcy Court for the Middle District

of Alabama (the "Alabama Bankruptcy Court"), to which defendants contend this Court should

transfer the adversary proceeding after they removed it from State Court.[2]

---

[1] References to the Plaintiff's accompanying Memorandum of Law in Support of EBCC's Motion, ECF No. 8, will be to Mot. at __.
[2] References to docket entries from the above-captioned adversary proceeding, No. 24-04020 (DSJ), will be to "ECF No." References to docket entries from the Alabama Bankruptcy Court case, *In re Ebury Street Cap., LLC*, No. 24-10499 (M.D. Ala. May 13, 2024), will be to "Alabama Bankruptcy Case, ECF No. __."

Plaintiff asserts that abstention is required under the mandatory abstention doctrine, Mot. at 7, or in the alternative that the Court should remand this proceeding under the doctrines of permissive abstention or equitable remand, Mot. at 10. Defendant Ebury Street Capital, LLC and its related debtors (the "Debtor Defendants"[3]) respond, ECF No. 9 (the "Response"), and assert that the Motion should be denied because the test for mandatory abstention is not met and because the Alabama Bankruptcy Court is best positioned to weigh and determine whether permissive abstention is proper. Resp. ¶¶ 16–18. The Debtor Defendants alternatively request that the Court transfer venue to the Alabama Bankruptcy Court to consider all the pending issues. Resp. ¶ 18.

The Court heard oral argument on the Motion on September 26, 2024 (the "Hearing") and reserved in anticipation of issuing this decision (the "Decision"). For reasons detailed below, the Court grants the Motion because the Debtor Defendants have failed to meet their burden of showing that mandatory abstention is unwarranted and because in the circumstances it would waste party and judicial resources to grant the Debtor Defendants' request to transfer the matter to the Alabama Bankruptcy Court to allow that court to determine whether abstention and/or remand are appropriate. Because the standards governing permissive abstention or equitable remand call for weighing particulars of the bankruptcy case that is pending in Alabama, the Court does not reach Plaintiff's alternative contention that permissive abstention or equitable remand is warranted.

The Court acknowledges that typically federal courts to which state court cases are removed will transfer the case to an out-of-state federal court presiding over the case that was the basis for removal. Here, however, the Court concludes that abstention is clearly mandatory, such

---

[3] Specifically, Ebury Street Capital, LLC; EB 1EMI ALA, LLC; EB 2EMI ALA, LLC; Ebury Fund 1NJ, LLC; Ebury Fund 1, LP; Ebury Fund 2, LP; Red Clover 1, LLC; Ebury RE, LLC; Ebury 1EMI, LLC; Ebury 2EMI, LLC; EB 2EMI MD, LLC; EB 1EMI NJ, LLC; EB 1EMI NY, LLC; and EB 2EMI NY, LLC.

that it would be unnecessary and unwisely burdensome to delay deciding the Motion while requiring another round of briefing and argument before yet another court.

## FACTUAL BACKGROUND

### A. The State Court Action

On September 25, 2022, EBCC filed a breach-of-contract and fraud lawsuit against Defendant John Hanratty ("Hanratty") and a set of related and affiliated companies alleged by EBCC to be corporate alter egos of Hanratty (the "Corporate Defendants," together, "Defendants"). Mot. at 1; 3. The State Court Action concerns an agreement between the parties whereby EBCC extended lines of credit to the Defendants to "finance their purchases of tax liens." Mot. at 3. EBCC alleges that the Defendants violated the parties' agreement and fraudulently diverted EBCC's collateral and funds advanced by the lines of credit, instead paying distributions to Hanratty and Hanratty's prior investors. Mot. at 3. EBCC alleges that the Defendants owe EBCC over $26 million as a result of the Defendants' alleged fraudulent scheme. Mot. at 3.

On November 29, 2022, the State Court issued a preliminary injunction against the Defendants requiring, among other things, that the Defendants provide advance notice to EBCC before making large transfers. Mot. at 3; *see also* Decl. of Alexander J. Willscher in Supp. of EBCC's Mot. Ex. 4, ECF No. 8-6.[4] On January 25, 2024, the State Court held Hanratty in civil contempt for violating the injunction. Mot. at 3; *see also* Decision + Order on Motion, Willscher Decl. Ex. 5, ECF No. 8-7. The same State Court order granted a motion by Hanratty to stay the Action pending the resolution of federal criminal proceedings against Hanratty pending in the

---

[4] The Declaration of Alexander J. Willscher in Support of EBCC's Motion (the "Willscher Decl.") is appended to the Motion as Exhibit 2, ECF No. 8-2. Appended to the Willscher Declaration are Exhibits 1–15 consisting of documents from the State Court Action, the above-captioned bankruptcy case, and other proceedings involving Hanratty. Hereinafter, references to those exhibits will be to their title and cited as Willscher Decl. Ex. __, ECF No. 8-__.

Southern District of New York purportedly relating to the same fraud against EBCC that is alleged in EBCC's State Court Action. Mot. at 3; *see also* Indictment, Willscher Decl. Ex. 6, ECF No. 8-8. On March 25, 2024, the U.S. District Court for the Southern District of New York entered a post-indictment restraining order freezing all of the Defendants' assets. Mot. at 4; *see also* Post-Indictment Restraining Order, Willscher Decl. Ex. 7, ECF No. 8-9.

## B.  The Bankruptcy Filing

Following the post-indictment restraining order, on May 13, 2024, the Debtor Defendants (a subset of the Corporate Defendants that does not include individual Defendant Hanratty, *supra* note 3) filed bankruptcy cases in the Alabama Bankruptcy Court (the "Alabama Bankruptcy Cases" or "Alabama Bankruptcy Case"). Mot. at 4. The following day, the Alabama Bankruptcy Court granted the Debtor Defendants' motion for joint administration of the Alabama Bankruptcy Cases. Order Granting Mot. for Joint Administration, Alabama Bankruptcy Case, ECF No. 7. The Bankruptcy Administrator has moved to dismiss the Debtor Defendants' Alabama Bankruptcy Cases. Mot. to Dismiss, Alabama Bankruptcy Case, ECF No. 176. That motion remains pending.

## C.  Removal and Transfer to this Court

On August 12, 2024, the Debtor Defendants, joined by the non-Debtor Defendants, filed a Notice of Removal of the State Court Action to the U.S. District Court for the Southern District of New York. Notice of Removal, *Emigrant Bus. Cap. Corp. v. Hanratty*, No. 1:24-cv-06111 (S.D.N.Y.), ECF No. 1 (the "Notice of Removal"). Defendants' Notice of Removal states that the State Court Action is related to the Alabama Bankruptcy Case within the meaning of 28 U.S.C. § 157(a), and that the State Court Action constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Notice of Removal ¶ 9. Specifically, they contend that the Plaintiff's claims against the Defendants and the Defendants' counterclaims all affect the Debtor

5

Defendants' estates. *Id.* The specific claims in question involve the Defendants' alleged misappropriation of collateral used to secure a loan from Plaintiff, and Defendants' counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and other claims regarding Plaintiff's alleged violation of settlement terms between the parties concerning a loan. *Id.* Thus, the Defendants argue that "[b]oth Plaintiff's claims and Defendants' counterclaims necessarily affect the property of the bankruptcy estate, claims by and against the estate, and liquidation of estate assets." *Id.*

On the same day that the Defendants filed the Notice of Removal, on August 12, 2024, the Defendants also filed a Motion to Transfer Venue of the removed State Court Action to the Alabama Bankruptcy Court. Motion to Transfer Venue, *Emigrant Bus. Cap. Corp.*, No. 1:24-cv-0611, ECF Nos. 1-5; 1-6 (the "Motion to Transfer Venue"). The removed State Court Action was referred to this Court on August 13, 2024.

**D. The Motion and Response**

The Motion asserts that this Court should remand the State Court Action for three independent reasons: (i) the Defendants failed to properly serve EBCC with the notice of removal and file a copy of it in the State Court Action pursuant to Federal Rules of Bankruptcy Procedure (hereinafter, "Bankruptcy Rule") 9027(b) and 9027(c); (ii) the conditions for mandatory abstention are satisfied; and (iii) the factors considered for permissive abstention and equitable remand weigh in favor of remand. Mot. at 5.

First, EBCC argues that the Court must remand because the Defendants failed to remove the State Court Action in accordance with Bankruptcy Rules 9027(b) and (c). Mot. at 5–6. Specifically, EBCC contends that Bankruptcy Rule 9027(b) requires service of a copy of a notice of removal upon all parties promptly after filing, and that Bankruptcy Rule 9027(c) requires filing

of a copy of a notice of removal with the court from which the action was removed. Mot. at 5; *see also* Bankruptcy Rules 9027(b) and (c). EBCC contends that, because Defendants failed to comply with Bankruptcy Rules 9027(b) and (c), this Court should remand the State Court Action based upon these procedural defects.

Second, EBCC argues that all six factors of the test for mandatory abstention apply. Mot. at 7. Specifically, EBCC contends that the Motion was timely, that the State Court Action involves New York state law claims for breach of contract and fraud, that the claims in the State Court Action are non-core in that they do not "arise in" a bankruptcy case or "arise under" the Bankruptcy Code, that section 1334 of title 28 of the United States Code ("section 1334") is the sole basis for federal jurisdiction, that the State Court Action was commenced in state court, and that the State Court Action can be timely adjudicated there because it was certified as ready for trial prior to the January 25, 2024 stay granted by the State Court in deference to a topically related criminal case, such that a prompt trial is likely if and when that stay is lifted. Mot. ¶¶ B.1–6.

Finally, EBCC contends that even if mandatory abstention is not warranted, the Court may remand under the doctrines of permissive abstention and equitable remand because state law issues are the only claims in the State Court Action, the Action is still pending in New York state court, the jurisdictional basis for removal is pursuant to section 1334, permitting removal of the State Court Action presents a substantial risk of forum shopping, and there are non-debtor parties present in the State Court Action. Mot. ¶¶ C.1–5.

The Debtor Defendants oppose remand. In defense of EBCC's argument that the Notice of Removal was not properly served, the Debtor Defendants argue that EBCC was electronically served with the Notice of Removal and that EBCC has been on notice of the removal since its filing. Accordingly, the Debtor Defendants contend that remand is not required on the basis of

improper service of the Notice of Removal. Resp. ¶ 11. Further, the Debtor Defendants contend

that the Court should deny the Motion because EBCC failed to file and properly serve the Motion

upon the Debtor Defendants. Resp. ¶¶ 12–15. On the merits, the Debtor Defendants contend that

mandatory abstention does not apply because, they argue, the Debtor Defendants contest the nature

and scope of the debt owed to EBCC in the State Court Action and in the Alabama Bankruptcy

Court, thus giving rise to a core matter that a bankruptcy court should determine. Resp. ¶ 17.

Finally, the Debtor Defendants assert that because permissive abstention requires a balancing of

interests and considerations that "go[] to the heart of the Debtors' operations," the Alabama

Bankruptcy Court is the court best positioned to weigh these factors and render a decision. Resp.

¶ 18. Therefore, the Debtor Defendants alternatively contend that the Court should transfer venue

to the Alabama Bankruptcy Court and allow that Court to decide the Motion. Resp. ¶ 18.

## DISCUSSION

### A.  Jurisdiction

District courts have "original but not exclusive jurisdiction of all civil proceedings arising

under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "Each district

court may provide that any or all cases under title 11 and any or all proceedings arising under title

11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the

district." 28 U.S.C. § 157(a). The United States District Court for this District has done so. *See*

Am. Standing Order of Reference, M10-468 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.). Further,

bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising

under title 11, or arising in a case under title 11, referred under subsection (a) of this section . . . ."

28 U.S.C. § 157(b)(1).

8

As this statutory language makes plain, the statutory term "core proceedings" encompasses both those "arising under title 11" and those "arising in" cases under title 11. *See Stern v. Marshall*, 564 U.S. 462, 474–75 (2011); *Empery Tax Efficient, LP v. MusclePharm Corp.*, No. 23 Civ. 74, 2023 WL 2580006, at *5 (S.D.N.Y. Mar. 21, 2023) (citation omitted). Proceedings arise under title 11 "when the cause of action or substantive right claimed is created by the Bankruptcy Code." *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 674 (S.D.N.Y. 2011); *see also Core Litig. Trust v. Apollo Glob. Mgmt., LLC (In re AOG Ent., Inc.)*, 569 B.R. 563, 574 (Bankr. S.D.N.Y. 2017) (citation omitted). Proceedings arise in a bankruptcy action if they "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Baker v. Simpson*, 613 F.3d 346, 351 (2d Cir. 2010) (per curiam) (internal quotation marks and brackets omitted) (citation omitted); *see also Waleski v. Montgomery, McCraken, Walker & Rhoads, LLP (In re Tronox)*, 603 B.R. 712, 719 (Bankr. S.D.N.Y. 2019) (citation omitted). Section 157(b)(2) of title 28 sets forth a non-exclusive list of core proceedings that "provides courts with ready examples of such matters." *Stern*, 564 U.S. at 476.

Non-core proceedings, meanwhile, encompass "related to" proceedings whose claims do not arise in a bankruptcy case or arise under the Bankruptcy Code, but whose outcome may have a "conceivable effect" on the bankruptcy case. *See Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011); *see also Keybank Nat'l Ass'n v. Franklin Advisers, Inc.*, 600 B.R. 214, 225 (S.D.N.Y. 2019).

In determining whether jurisdiction is proper over a removed case, the Court "look[s] only to the jurisdictional facts alleged in the Notice[] of Removal." *Agyin v. Razmzan*, 986 F.3d 168, 181 (2d Cir. 2021) (citation omitted).

**B.  Legal Standards for a Motion to Abstain and Remand**

9

Section 1334(c)(2) governs mandatory abstention, and the principles of mandatory abstention apply to a removed action. *See Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 446-47 (2d Cir. 2005). The mandatory abstention doctrine requires federal courts to abstain from hearing non-core bankruptcy matters concerning state law issues in certain circumstances. Specifically:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

Under this provision, abstention is required if each of six conditions is met: (1) the abstention motion is timely; (2) the action is based on a state law claim; (3) the action is "related to" but does not "arise in" a bankruptcy case or "arise under" the Bankruptcy Code; (4) section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) that action can be "timely adjudicated" in state court. *See N.Y.C. Emps.' Ret. Sys. v. Ebbers (In re WorldCom, Inc. Secs. Litig.)*, 293 B.R. 308, 331 (S.D.N.Y. 2003), *aff'd sub nom. Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004); *Renaissance Cosms., Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 12 (S.D.N.Y. 2002) (citation omitted); *In re Dreier*, 438 B.R. 449, 457 (Bankr. S.D.N.Y. 2010) (citation omitted).

The party opposing mandatory abstention bears the burden of showing that such abstention is not warranted. *See AOG Ent., Inc.*, 569 B.R. at 573. When considering whether abstention is mandatory, courts often first examine whether the proceeding is "core." *See McKinley*, 399 F.3d

at 447 ("The first step in a Section 1334(c)(2) abstention analysis is resolution of whether the

proceeding is 'core.'").

## C.  Legal Standards for Permissive Abstention and Equitable Remand

Section 1334(c)(1) governs permissive abstention. It provides that "nothing in this section

prevents a district court in the interest of justice, or in the interest of comity with State courts or

respect for State law, from abstaining from hearing a particular proceeding arising under title 11

or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). The Court has discretion

whether to permissively abstain. *Hellas Telecomms. (Luxembourg) II SCA v. TPG Cap. Mgmt.,*

*L.P. (In re Hellas Telecomms. (Luxembourg) II SCA)*, 535 B.R. 543, 589 n.36 (Bankr. S.D.N.Y.

2015). Because federal courts have a "virtually unflagging obligation . . . to exercise the

jurisdiction given them," they "may abstain only for a few extraordinary and narrow exception[s]."

*In re Residential Cap.*, 515 B.R. 52, 67 (Bankr. S.D.N.Y. 2014) (internal quotation marks omitted)

(quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976)).

Courts typically consider one or more of twelve factors in determining whether to abstain from

hearing a proceeding presenting state-law claims on permissive abstention grounds:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Fried v. Lehman Bros. Real Est. Assoc. III., L.P.*, 496 B.R. 706, 712–13 (S.D.N.Y. 2013) (citations omitted). Essentially, the Court weighs "the federal interest in efficient bankruptcy administration against the interest of comity between the state and federal courts." *Id.* at 713.

Courts assessing permissive abstention have considered one or more of these factors, and not necessarily all twelve. *Id.* A court thus "need not plod through a discussion of each factor in the laundry lists developed in prior decisions." *Tronox*, 603 B.R. at 726 (citation omitted).

A court may also remand an action that was removed under section 1334 "on any equitable ground." *See* 28 U.S.C. § 1452(b). When deciding whether to equitably remand under section 1452(b), courts consider factors substantially similar to those considered under the section 1334(c)(1) permissive abstention analysis, "including: (1) whether issues of state law predominate; (2) whether judicial economy would be served by . . . equitable remand; (3) whether § 1334(b) is the sole basis for exercising federal jurisdiction; (4) whether the proceeding involves non-debtors; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; and (6) the likelihood that the proceeding was commenced in a particular forum because of forum shopping on the part of one of the parties." *KeyBank*, 600 B.R. at 226 (citation omitted).

Although the party opposing mandatory abstention carries the burden of proof, *AOG Ent., Inc.*, 569 B.R. at 573, the moving party bears the burden of proving that permissive abstention or equitable remand is warranted. *See KeyBank*, 600 B.R. at 233 (citing cases).

**D. Analysis**

This Decision primarily turns on whether the Court must abstain and remand pursuant to the mandatory abstention doctrine, while explaining that if it were necessary to decide whether to permissively abstain and/or equitably remand, that question would best be answered by the

Alabama Bankruptcy Court. The Decision first discusses each party's objection that asserted procedural defects in their adversary's filings warrant ruling for them on the Motion.

### 1. Procedural Defects

EBCC contends that the Court must remand because the Defendants failed to remove the State Court Action in accordance with Bankruptcy Rules 9027(b) and (c). Mot. at 5–7. Meanwhile, the Debtor Defendants contend that EBCC's Motion must be denied for failure to properly serve the Motion upon the Defendants in accordance with Bankruptcy Rule 9014(b), which provides that service of a remand motion must be in accordance with Rule 7004.[5] Resp. ¶¶ 12–13.

During oral argument, each party de-emphasized their procedural defect arguments and focused on the merits of the Motion and the Response. As EBCC's counsel put it, "both sides raised procedural issues with service. . . . [t]hese are technical violations, everyone's here, everyone's got notice, so let's address the merits." Hr'g Tr. 20:15–17, Sept. 26, 2024, ECF No. 10 ("Sept. 26 Hr'g"). The Debtor Defendants likewise primarily addressed the merits of the Motion and Response.[6] Because no party objected to reaching the merits of the Motion now and because application of the factors for mandatory abstention provide a substantive basis for remand, the Court declines to rule based on the procedural grounds each side raised, which, if anything, likely would lead the Court to give each side time to attempt to cure.

### 2. Mandatory Abstention

There is no dispute that the claims in the State Court Action are state law claims, that the State Court Action was commenced in state court, that the Motion was timely made, and that

---

[5] Rule 9027(d) states that "[a] motion for remand . . . shall be governed by Rule 9014[.]"

[6] The only procedural issue addressed by the Debtor Defendants during oral argument was to defend the late filing of their Response. Sept. 26 Hr'g 22:23–23:11; *see* Resp., ECF No. 9; Local Bankruptcy Rule 9006-1(c) (answering papers are due seven days before the hearing date; the Response was due on September 19, 2024 and filed on September 23, 2024). As the Court stated during the Hearing, it views the interests of judicial efficiency and sound resolution of the parties' dispute to be best served by deciding the Motion on its merits. *See* Sept. 26 Hr'g 22:23–23:11.

section 1334 supplies the sole basis for jurisdiction, thereby satisfying factors (1), (2), (4), and (5)

of the test for mandatory abstention. *See WorldCom, Inc. Secs. Litig.*, 293 B.R. at 331. The only

issues in dispute are whether the Court has "arising in" or "arising under" jurisdiction and thus

whether the proceeding is core or non-core (factor (3)), and whether the State Court Action can be

timely adjudicated in state court (factor (6)).

### a. Core vs. Non-Core Proceeding

The Debtor Defendants assert that Plaintiff's claims and Defendants' counterclaims

necessarily will affect the property of the bankruptcy estate, claims by and against the bankruptcy

estate, and liquidation of the assets of the bankruptcy estate, and that the State Court Action

therefore constitutes a "core proceeding" pursuant to 28 U.S.C. § 157(b)(A) and (O). *See* Notice

of Removal ¶ 9. The Court disagrees because the Debtor Defendants rely on an overly broad

definition of core proceedings as that term is applied in mandatory abstention cases.

A proceeding is "core" if the Court has either "arising under" or "arising in" jurisdiction.

*Elliott v. Gen. Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 153 (2d Cir. 2016)

(quoting *Stern*, 564 U.S. at 476); *see also* 11 U.S.C. § 1334(c)(2) (court shall abstain if case does

not "aris[e] under" title 11 or "aris[e] in" a title 11 case). Courts in this Circuit consider "arising

under" jurisdiction "to be dependent upon the plaintiffs' causes of action being asserted under a

provision of Title 11 of the Bankruptcy Code." *Keybank*, 600 B.R. at 226 (citation omitted). A

proceeding "arising in" "covers claims that 'are not based on any right expressly created by [T]itle

11, but nevertheless, would have no existence outside of the bankruptcy." *Baker*, 613 F.3d at 350–

51 (citation omitted). Bankruptcy courts may still have "related to" jurisdiction of non-core

proceedings "if the action's outcome might have any conceivable effect on the bankruptcy estate."

*SPV Osus Ltd. v. UBS AG, UBS (Luxembourg) S.A.*, 882 F.3d 333, 339–40 (2d Cir. 2018).

14

Here, the State Court Action involves breach of contract and fraud claims arising under New York state law, not under title 11. *See* Summons and Complaint, Willscher Decl. Ex. 3, ECF No. 8-5. Although the Second Circuit has held that the determination whether a proceeding is core should not be based solely on the fact that the origin of the claims are found in state law, *Baker*, 613 F.3d at 350, "the determinative issue is whether claims that appear to be based in state law are really an extension of the proceedings already before the bankruptcy court." *Id.* Indeed, the Plaintiff's state law claims and the Defendants' counterclaims exist independently of any bankruptcy law or right, and the Action, filed more than two years prior to the commencement of the Alabama Bankruptcy Case, is plainly not an extension of proceedings before the Alabama Bankruptcy Court. Thus, both the case's substance and its history establish that it is non-core. *See, e.g.*, *ResCap Liquidating Trust v. RBC Mortg. Co.*, No. 14 Civ. 4467, 2014 WL 8103896, at *2 (S.D.N.Y. July 18, 2014) (citation omitted) (breach-of-contract action by a debtor against a party to a pre-petition contract was non-core where suit was based on representations made years before the bankruptcy proceedings commenced and claims did not depend on bankruptcy laws for their existence); *Shiboleth v. Yerushalmi*, 412 B.R. 113, 116–117 (S.D.N.Y. 2009) ("[A] proceeding is non-core if it 'involve[s] the adjudication of state-created private rights, such as the right to recover contract damages[.]"); *see also Lehman Bros. Holdings Inc. v. Intel Corp. (In re Lehman Bros. Holdings Inc.)*, 502 B.R. 376, 383 (Bankr. S.D.N.Y. 2013) ("[A] cause of action based on a prepetition breach of contract is not one that can arise *only* in a bankruptcy case or that can only be pursued in a bankruptcy court). Finally, certain of the Corporate Defendants in this action are non-debtors, providing yet more reason to conclude the claims against those entities cannot have arisen in or under title 11.

Further, the Court is not persuaded by the Debtor Defendants' argument that the Action is a core proceeding simply because the claims (and counterclaims) at issue "necessarily affect the property of the bankruptcy estate, claims by and against the bankruptcy estate, and liquidation of the assets of the bankruptcy estate." Resp. ¶ 9; s*ee, e.g.*, *SPV*, 882 F.3d at 339–40 (citation omitted and emphasis added) ("[A] civil proceeding is related to a title 11 case if the action's outcome might have any *conceivable effect* on the bankrupt estate."); *Parmalat*, 639 F.3d at 579 (same); *KeyBank*, 600 B.R. at 231 (same).

In fact, during oral argument, counsel for the Debtor Defendants conceded that the claims at issue in the State Court Action do not "arise under" the Bankruptcy Code:

> THE COURT: [W]hat about their point that . . . their claims[] are not arising under the Bankruptcy Code, I think that's clearly correct.

> MR. WILLIAMS [Counsel for the Debtor Defendants]: Correct.

Sept. 26 Hr'g 28:17-22.

Counsel for the Debtor Defendants also failed to show that EBCC's claim "arise[s] in" a bankruptcy case. The Debtor Defendants have not shown and cannot show that the claims here "would have no existence outside of the bankruptcy." *Baker*, 613 F.3d at 351 (citation omitted). As previously noted, the State Court Action arose years before the Bankruptcy Case and involve state claims that are independent from the bankruptcy.

The Court also is not persuaded by two contentions raised by the Debtor Defendants during the Hearing. Counsel suggested, for the first time,[7] that because the Debtor Defendants intend to seek equitable subordination of EBCC's claims in the Alabama Bankruptcy Case for certain asserted pre- and post-petition actions of EBCC, that court should decide the abstention motion because equitable subordination is an issue of federal bankruptcy law. *See* Sept. 26 Hr'g 28:1–7;

---

[7] The Debtor Defendants did not reference equitable subordination in their Response.

16

30:6–7. Additionally, counsel contended that even though a remand would not foreclose the Alabama Bankruptcy Court's ability to address issues of equitable subordination of EBCC's claims within the bankruptcy case, the Court's overriding consideration should be the judicial efficiency of having one court (the Alabama Bankruptcy Court) address all the issues the Debtor Defendants raise. *See id.* 31:24–32:12. The Court will address each argument in turn.

First, to the extent the Debtor Defendants argue that their potential claims for equitable subordination somehow render the State Court Action a core proceeding, the Court disagrees. Equitable subordination is authorized by Bankruptcy Code section 510(c), which provides that "after notice and a hearing, the court may . . . (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another[.]" 11 U.S.C. § 510(c). This provision's plain language establishes that equitable subordination doctrine concerns the treatment of an "allowed claim" within a bankruptcy case—not the nature of a pre-existing lawsuit, which is the focus of the mandatory abstention inquiry. *See also Enron Corp. v. Springfield Assocs., L.L.C. (In re Enron Corp.)*, 379 B.R. 425, 434 (S.D.N.Y. 2007) (citation omitted) (the purpose of equitable subordination—a "drastic and unusual remedy"—is to "undo wrongdoing by an individual creditor in the interest of the other creditors."). The mere fact that the Debtor Defendants may seek equitable subordination of EBCC's claims in the Alabama Bankruptcy Case does not transform the State Court Action, filed years before, into a core proceeding, and the Debtor Defendants identify no case law or logical reason that support adoption of their argument. In fact, the case law that exists weighs against the Debtor Defendants. *See Cullen Elec. Contracting Co. v. Bill Cullen Elec. Contracting Co. (In re Bill Cullen Elec. Contracting Co.)*, 160 B.R. 581, 584–85 (Bankr. N.D. Ill. 1993) (rejecting plaintiff's argument that a cause of action for equitable subordination necessarily renders a proceeding "core"); *see also In re Cashco,*

*Inc.*, 614 B.R. 715, 720 (Bankr. D.N.M. 2020) ("Merely because the bankruptcy estate has the potential to recover funds as a result of this adversary proceeding does not render the proceeding 'core.'"); *cf. Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 57 (S.D.N.Y. 2011) (reliance on hypothetical future orders that may be issued in the bankruptcy case do not render a proceeding core).

Second, even though counsel for the Debtor Defendants ultimately conceded during oral argument that the Debtor Defendants' procedural opportunity to pursue equitable subordination in the Alabama Bankruptcy Court would not be defeated even if this proceeding is remanded back to State Court, *see* Sept. 26 Hr'g 30:23–31:6,[8] he contends that judicial efficiency considerations should control and weigh against granting the Motion:

> THE COURT: I'm trying to understand your response to the mandatory abstention factors . . . . [w]hich is that if you just read the correct list of court recognized factors [] set forth in the papers . . . the[y] [are] met here at least superficially, but you're saying nevertheless that's overridden by the judicial efficiency of proceeding, bundling everything together in one court, which also serves you[r] efficiency interests and the desire to overlay an equitable subordination type document argument which is not a state court matter, right?
>
> MR. WILLIAMS: Correct.

Sept. 26 Hr'g 32:1–12. In sum then, counsel for the Debtor Defendants argues that the Alabama Bankruptcy Court should decide the Motion (and ultimately any action or other application for equitable subordination) so that the Debtor Defendants have "one forum to address all these issues." *Id.* 31:5–32:12; 31:19.

Nothing about the possible efficiency (at least for the Debtor Defendants) of an immediate transfer goes to whether the requirements for mandatory abstention are present here. As the Debtor

---

[8] During oral argument, the Court asked counsel for the Debtor Defendants whether he was arguing that remand of this proceeding would foreclose his opportunity to argue a claim for equitable subordination. Counsel responded: "I don't think it will be defeated. But . . . I'm then fighting this fight in two different courts instead of just one." Sept. 26 Hr'g 30:17–31:8.

Defendants emphasize, "judicial efficiency" is relevant to whether to transfer venue. *See* Mot. to Transfer Venue ¶ 15 ("Transferring this case to the Bankruptcy Court for the Middle District of Alabama will also minimize administrative expenses and promote judicial economy[.]"); *see also* Sept. 26 Hr'g 31:24–32:12. The Court, however, believes that the mandatory abstention issue is so clear that judicial efficiency will be best served by this Court resolving the Motion through this Decision. Counsel for the Debtor Defendants acknowledged that this Court has the authority to do so. Sept. 26 Hr'g 26:2–15.

The Court further notes that the Debtor Defendants did not follow the Court's Local Rules and procedures to schedule their transfer motion properly before this Court. As previously noted, the Defendants filed a Motion to Transfer Venue on the same date they filed the Notice of Removal. However, once the State Court Action was referred to this Court, counsel for the Debtor-Defendants did not request and secure a hearing date for the Motion to Transfer Venue pursuant to the Court's applicable procedures. *See* Local Bankruptcy Rule 5070-1 ("[P]rior to serving a motion . . . the moving party or applicant must obtain a return date from the assigned Judge's chambers."); Chamber's Rules for Judge David S. Jones, "Scheduling" (same).[9] Therefore, only the present Motion is properly before the Court.

Finally, even if the Court were to consider the Defendants' Motion to Transfer Venue, it would reject it in the unusual circumstances here because the Debtor Defendants fail to account for the fact that the Motion before the Court for abstention and remand has already been briefed and argued, this Court has given it time and attention, and a transfer would needlessly burden the

---

[9] The Court's Local Bankruptcy Rules are available at https://www.nysb.uscourts.gov/sites/default/files/2024-09-30_Amended_LBRs_Final.pdf. Judge Jones' chamber's rules are available at https://www.nysb.uscourts.gov/content/judge-david-s-jones.

Alabama Bankruptcy Court. Thus, as a matter of judicial economy, the Court declines to burden the Alabama Bankruptcy Court, and the parties hereto, with re-litigating this Motion.

For all of these reasons, the Court concludes that the State Court Action is a non-core proceeding, and the Debtor Defendants' alternative contentions, raised for the first time at oral argument, are unpersuasive.

### b. Timely Adjudication

The sole remaining disputed element of mandatory abstention is whether the case will be timely adjudicated in the State Court. The Debtor-Defendants contend that "nothing was happening" in the State Court Action and that therefore the Alabama Bankruptcy Court is best suited to address all of the pending issues. *See* Sept. 26 Hr'g 23:24–24:1; 31:15–19. However, the State Court Action has been certified as ready for trial since November 28, 2023. Willscher Decl. ¶ 6; *see also* Certificate of Readiness for Trial, Willscher Decl. Ex. 12, ECF No. 8-14. The State Court nevertheless stayed the Action on January 25, 2024, for the sole reason of allowing the resolution of certain ongoing criminal proceedings against Defendant Hanratty, who reportedly is being prosecuted based upon identical facts as presented in the State Court Action. *See* Decision + Order on Motion, Willscher Decl. Ex. 5, ECF No. 8-7.[10] Counsel for Defendant Hanratty acknowledged  at oral argument that, to the extent Defendant Hanratty's conduct is at issue (as it surely is), the same stay will be sought from the Alabama Bankruptcy Court or any forum that ultimately presides over the claims in the State Court Action. *See* Sept. 26 Hr'g 37:3–25. Thus, it seems likely that any potential forum will wait for resolution of the criminal case against Hanratty before adjudicating the civil claims at issue here. When that impediment is resolved, however, the State Court—which has issued numerous rulings and is well versed in the case—will be poised to

---

[10] In the same Decision + Order, the state court judge found Defendant Hanratty in civil contempt for failure to comply with the court's prior orders.

timely resolve the Action once it is no longer stayed. At a minimum, there is every reason to think the case "can be timely adjudicated" in the State Court.

Again, there is no dispute that all of the other circumstances required for mandatory abstention are present here. Thus, the Debtor Defendants have not met their burden of proving that mandatory abstention is not warranted. For the reasons stated above, the Court concludes that abstention is mandatory pursuant to 28 U.S.C. § 1334(c)(2), and grants EBCC's Motion to that extent.

### 3. Permissive Abstention and Equitable Remand

The Court declines to decide EBCC's alternative argument that the factors considered for permissive abstention and equitable remand weigh in favor of remand. The permissive abstention and equitable remand factors overlap and are often analyzed together. *See, e.g.*, *Keybank*, 600 B.R. at 233; *George Wash. Bridge Bus Station and Infrastructure Dev. Fund, LLC v. Port Auth. (In re George Wash. Bridge Bus Station Dev. Venture LLC)*, No. 21-1200, 2022 WL 1714176, at *8 (Bankr. S.D.N.Y. May 25, 2022). EBCC is correct that several permissive intervention factors—such as a dispute's possible effect on the bankruptcy case and the burdens on the bankruptcy court's docket—are better analyzed by the Alabama Bankruptcy Court. Therefore, and in light of the Court's determination that abstention is mandatory, the Court declines to decide whether it should remand this action in the alternative on equitable grounds pursuant to 28 U.S.C. § 1452(b) or permissively abstain in the exercise of its discretion pursuant to § 1334(c)(1).

## <u>CONCLUSION</u>

For the reasons stated herein, the Court GRANTS the Plaintiff's Motion for mandatory abstention and remand. EBCC shall settle a proposed order on notice directing the Clerk of Court

to remand this case to the New York State Supreme Court, New York County, and to close this

case.

IT IS SO ORDERED.


Dated: New York, New York
       November 1, 2024

                                        _____*s/ David S. Jones*_____
                                        Honorable David S. Jones
                                        United States Bankruptcy Judge